13740

MAIN v. MUNCASTER

(172 S. E., 222)

*Messrs. W. Marshall Bridges, Samuel Want* and *Melvin Hyman,* for appellant,

*Messrs. Willcox, Hardee & Wallace,* for respondent,

December 28, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action for the foreclosure of a mortgage of real estate was begun on February 16, 1933. The agreed facts pertinent to the issues involved are substantially as follows: On September 23, 1912, one R. W. Muncaster gave to the Bank of Florence his note in the sum of $5,000.00, payable one year from that date. At the same time he executed in favor of the bank a mortgage of real estate, in which it was stated that it was given to secure the payment of the maker's promissory note dated September 23, 1912, and whereby he had promised to pay on September 23, 1912, to the order of the Bank of Florence the sum of $5,000.00, etc. This mortgage was recorded on the date of its execution. On July 14, 1926, the debt had been reduced to $3,885.00, and at that time a new note was made (as expressed in the complaint), as "a written acknowledgment of the balance of the original indebtedness." On March 25, 1927, the note and mortgage were assigned by the bank to the plaintiff; and on Septem-

ber 12, 1931, Muncaster conveyed by deed the encumbered premises to his wife, the defendant in this case, subject to the lien of the outstanding mortgage.

In her amended answer the defendant alleges, *inter alia,* that the mortgage sought to be foreclosed, according to its terms, matured on the date of its execution, September 23, 1912. She then alleges that more than twenty years have elapsed since its maturity, and that no memorandum or notation of payment having been at any time indorsed thereon and recorded in the office of the Clerk of Court in such period, its lien had lapsed and had become of no effect.

More than twenty days after the service of the answer, and after the cause had been referred to the referee to take testimony, the plaintiff moved before the Circuit Court for leave to amend her complaint. Her proposed amended complaint, a copy of which was annexed to the notice of motion, alleges, in addition to matters already set forth: "That the said mortgage recites that it secures the payment of the indebtedness evidenced by the note above described, but that through mutual mistake on the part of the said R. W. Muncaster and the said Bank of Florence, the said mortgage erroneously recites that said note was payable on September 23, 1912, instead of being payable on September 23, 1913, as stated in said note." The prayer for relief is amended by adding a prayer for reformation of the mortgage "to make it conform to the alleged terms of the note and the alleged agreement of the parties."

The matter was heard by his Honor, Judge Shipp, who, in an order dated June 19, 1933, refused the motion on two grounds: (1) That plaintiff had been guilty of such laches as not to entitle her in equity to favorable consideration; and (2) that "there is no allegation proposed tending to show that any payment has been recorded on the face of the mortgage, as required by the statute, in order to extend the lien of the mortgage beyond the twenty-year period." From this order plaintiff appeals.

Under the admitted facts, we think the plaintiff was effectually barred by laches, and that the Circuit Judge was correct in so holding.

In 21 C. J., 210, "laches" is defined as "the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in law should have been done."

In *Babb v. Sullivan*, 43 S. C., 436, 21 S. E., 277, 279, the Court said: "Laches connotes not only undue lapse of time, but also negligence, and opportunity to have acted sooner, and all three factors must be satisfactorily shown before the bar in equity is complete. Other factors of lesser importance sometimes demand consideration, such as the nature of the property involved, or the subject-matter of the suit, or the like. As a definition of 'laches,' however, it is sufficiently correct to say that it is the neglecting or the omitting to do what in law should have been done, and this for an unreasonable and unexplained length of time, and in circumstances which afforded opportunity for diligence."

In that case the Court pointed out that: "It is confessedly impossible to adopt a general rule, and to fix a definite length of delay which shall justify a Court of Equity in refusing relief on the ground of laches. Each case must be governed by its own facts, and Courts of Equity must be trusted to exercise a salutary discretion."

In the light of these principles, it appears that the appellant might be entitled to the relief prayed for, if no other factor were present except the long lapse of time. We may properly assume, however, that the plaintiff and her assignor, who had possession of the mortgage for more than twenty years, knew that its maturity date, as fixed in the instrument, was September 23, 1912. It cannot be questioned that they had ample opportunity to know it; and if they did know it, and knew or thought that the instrument did not express the agreement of the parties, and took no steps to reform it, the presumption arises that they

were satisfied with it as written; and the right to reformation is lost by acquiescence, or equitable estoppel. Furthermore, it is alleged in the complaint, and admitted as a fact, that after the transfer of the lands in question to his wife, R. W. Muncaster died. As he was the only person, other than the plaintiff or her assignor, who could have known whether there was a mutual mistake as appellant contends, it is manifest that the defendant would be placed at a great disadvantage, now that the mortgagor is dead, in sustaining her position that the mortgage was written as it was intended to be written. It is stated in 21 C. J., 234, that: "A Court of Equity will refuse relief after inexcusable delay because of the difficulty, if not the impossibility, of arriving at a safe and certain conclusion as to the truth of the matters in controversy and doing justice between the parties, where the evidence has * * * become obscured * * * through death or disappearance of one or more of the participants in the transaction in suit * * *." Doubtless the Circuit Judge gave proper weight to these determining factors in his consideration of the motion; and we cannot say that he did not exercise a wise and just discretion in reaching his conclusion.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.